David Abrams, Attorney at Law NY 3051604
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 Fax 212-897-5811
Pro Hac Vice Application Pending
dnabrams@gmail.com

United States District Court  **TO BE FILED UNDER SEAL**
Western District of Pennsylvania

_____

|  |  |
|---|---|
| United States of America ex rel. GNGH2 Inc., | |
| Plaintiff-Relator, | 2:23-cv-2079 |
| - against - | Index No.: |
| ORGANIZE PENNSYLVANIA; PENNSYLVANIA MUNICIPAL LEAGUE; VALLEY FORGE VOLUNTEER FIRE COMPANY; WILLIAM CAMERON ENGINE COMPANY OF LEWISBURG, PA; and MONESSEN AMBULANCE SERVICE; and | **Complaint** |
| Defendants. | |

_____

Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.   Nature of the Case**

1.   This is a false claims act claim. The Qui Tam Plaintiff and Relator, GNGH2, Inc. alleges that the Defendants obtained disaster relief by fraudulently representing the nature of their status. As set forth in more detail below, all of the Defendants are 501(c)(4) organizations and therefore ineligible for PPP disaster relief.

**II.   Parties**

2.   Defendants ORGANIZE PENNSYLVANIA ("OPA"); PENNSYLVANIA MUNICIPAL LEAGUE ("PML") ; VALLEY FORGE VOLUNTEER FIRE COMPANY ("VFVFC"); WILLIAM CAMERON ENGINE COMPANY OF LEWISBURG, PA

("WCEC"); and MONESSEN AMBULANCE SERVICE ("MAS"); are all registered 501(c)(4) organizations with principal places of business as follows:

| Defendant | Principal Place of Business |
| --- | --- |
| ORGANIZE PENNSYLVANIA | Pittsburgh, PA |
| PENNSYLVANIA MUNICIPAL LEAGUE | Harrisburg, PA |
| VALLEY FORGE VOLUNTEER FIRE COMPANY | Phoenixville, PA |
| WILLIAM CAMERON ENGINE COMPANY OF LEWISBURG, PA | Lewisburg, PA |
| MONESSEN AMBULANCE SERVICE | Monessen, PA |

3. Relator GNGH2, Inc. ("Relator" or "Plaintiff") is a New Jersey business corporation with a principal place of business in the State of New Jersey, County of Bergen.

### III. Compliance With Requirements of Suit

4. This matter has been or will be filed under seal pursuant to 31 U.S.C. Section 3730(b); at or about the same time, a copy of the Complaint and Relator's disclosure of evidence were or will be served on the Department of Justice and the United States Attorney for the appropriate district.

5. Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

### IV. Jurisdiction and Venue

6. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any one Defendant resides or transacts business.

7. In this case, Defendant OPA is located in Pittsburgh, Pennsylvania and Defendant MAS is located in Monessen, Pennsylvania.

**V.     Background**

8.     Throughout most of 2020 and continuing into 2021, the United States was faced with a large-scale outbreak of the virus commonly known as "Coronavirus" or "COVID-19." (the "Coronavirus Epidemic").

9.     In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

10.    All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

11.    The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans known as PPP loans.

12.    PPP loans, which were based on a company's payroll expenses, were not available to 501(c)(4) organizations such as the Defendants.

13.    Defendants applied for and received PPP relief as follows:

| Defendant | Date | Amount | Loan Number | Forgiven |
|---|---|---|---|---|
| OPA | 4/15/20 | $267,300 | 9066067103 | 11/3/20 |
| PML | 5/1/20 | $464,041 | 4556427703 | 6/4/21 |
| VFVFC | 4/27/20 | $163,582.50 | 4891097207 | 2/11/21 |
| VFVFC | 3/2/21 | $199,238 | 6038528508 | 10/27/21 |
| WCEC | 4/14/20 | $252,600 | 5872867103 | 11/3/20 |
| WCEC | 1/28/21 | $244,016.80 | 7832828310 | 8/11/21 |
| MAS | 4/15/20 | $192,500 | 8082347110 | 2/11/21 |
| MAS | 1/16/21 | $192,500 | 5906828304 | 10/20/21 |

14. In order to receive these monies, Defendants had to certify that they were eligible for the monies. These certifications were false since Defendants were not eligible.

15. Indeed, the Defendants indicated on the application forms that they were 501(c)(3) organizations when in reality they were 501(c)(4) organizations.

16. As a result of this fraudulent certification, the Defendants received the disaster relief set forth above to which they otherwise would not have been entitled.

**VI.    Cause of Action**

17. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

18. The Courts have held that this can include false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.,* 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

19. Thus, the certification of Defendants violated the False Claims Act because they made statements which were false and which were required for eligibility for PPP monies.

**[continued on next page]**

## VII. Relief Sought

20. On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

21. Defendant received the relief set forth above. These funds would have been received as a result of the fraudulent certification described above.

22. Accordingly, Relator seeks judgment in the amounts set forth below against each Defendant and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

| **Defendant** | **Triple Damages** |
| --- | --- |
| OPA | $801,900 |
| PML | $1,392,123 |
| VFVFC | $1,088,461.5 |
| WCEC | $1,489,850.4 |
| MAS | $1,150,000 |

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2, Inc.

P.O. Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated: Delhi, New York
        December 7, 2023